**IN THE UNITED STATES DISTRCIT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES MEDICAL SUPPLY, LLC

Plaintiff,

CASE NO.

v.

A2Z HOME MEDICAL SUPPLIES, INC.

Defendant.

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, by and through undersigned counsel, and hereby files this Complaint for trademark infringement under the 15 U.S.C. 1114; Unfair Competition under 15 U.S.C. §1125(a)**,** Common Law Trademark Infringement, and Common Law Unfair Competition, and states:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the parties as outlines below, and pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338 (a), (b).

2. Venue in this district is proper pursuant to 28 U.S.C. § 1391.

3. Plaintiff UNITED STATES MEDICAL SUPPLY, LLC. (hereinafter "UNITED STATES MEIDCAL"), is a Florida Limited Liability Corp0ration located at 8260 NW 27th Street, Suite 401, Miami, Florida 33122.

4. Plaintiff is the owner of United States Trademark Registration No.: 3866130 for US MED, covering "Online retail store services and mail order services featuring medical equipment, supplies, and pharmaceuticals" in Class 35, which was registered on the Supplemental register on October 19, 2010. A copy of which is attached as **Exhibit A.**

5. Plaintiff first began using the USMED mark in 1997.

6. Plaintiff is also owner of Trademark Registration No.: 3249282 for UNITED STATES MEDICAL SUPPLY US MED covering "mail order services featuring Durable Medical Equipment, Supplies, and Pharmaceuticals" in Class 35, which was registered on the

principal register on June 5, 2007. A copy of which is attached as **Exhibit B.** Plaintiff first began using this mark in 2000.

7. Plaintiff also owns associated company US MED, INC. located at 8260 NW 27th Street, Suite 401, Miami, Florida 33122.

8. Defendant A2Z HOME MEDICAL SUPPLIES, INC. is a Delaware corporation with an address at 1926 Oleander Dr Wilmington, North Carolina 28402.

9. Defendant obtained United States Trademark Registration No.: 4792324 for US MED EXPRESS covering "Distribution services, namely, delivery of medical supplies for patients with developmental disabilities and other medical issues" in Class 39, which was registered on the Supplemental Register on April 11, 2015.

10. Defendant first began using the US MED EXPRESS mark on March 1, 2015.

11. Defendant also registered the domain name USMEDEXPRESS.NET on December 23, 2014.

12. A2Z MEDICAL SUPPLIES, INC. have continuously and systematically advertised via Internet their online retail store services in the state of Florida, and will ship products to any state in the United States, including Florida, and have thus has availed itself of the laws of the State of Florida.

13. Defendant provides the very same services as Plaintiff, under an identical name, and is likely to cause confusion in the marketplace concerning its association with Plaintiff and the origin of Plaintiff's goods and services.

14. On October 19, 2015,, a cease and desist letter was sent to Defendant informing them that their use of the US MED EXPRESS trademark violated Plaintiff's registered trademarks. A copy of the cease and desist letter is attached hereto as **Exhibit C**.

15. Nonetheless, Defendant continues to market itself for virtually identical goods and services using a virtually identical trademark.

**COUNT I**

**Trademark Infringement Under 15 U.S.C. 1114**

16. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-16 and states:

17. Plaintiff is the owner of United States Trademark Registration No.: 3866130 for USMED and Trademark Registration No.: 3249282 for UNITED STATES MEDICAL SUPPLY US MED, both covering mail order and online retail services for medical supplies.

18. Plaintiff has been using the USMED marks since as early as 1997.

19. Defendant obtained Supplemental Trademark Registration No.: 4792324 for US MED EXPRESS for nearly identical services.

20. Defendant first began using the US MED EXPRESS mark on March 1, 2015.

21. Defendant also registered and uses the domain name USMEDEXPRESS.NET.

22. Plaintiff's trademarks are registered and valid and have been in constant use since as early as 1997.

23. Defendant's registration and use of a nearly identical mark for nearly identical services is likely to cause confusion among consumers.

24. The parties channels of trade are the same.

25. Plaintiff has been or is likely to be damaged by Defendant's use and registration of its marks.

26. Plaintiff also advertises and uses its federally registered marks throughout the United States, and elsewhere, through its websites located at:

| |
|---|
| usmedfinancial.com |
| usmeddirect.net |
| usmedirect.com |
| usmedirect.net |
| usmedbackpain.com |
| usmedcatheter.com |
| usmedcpap.com |
| usmedsconnect.com |
| USMEDDIABETESSUPPLIES.COM |
| USMEDDIABETESSUPPLY.COM |
| USMEDDIABETICSUPPLIES.COM |
| USMEDDIABETICSUPPLY.COM |
| USMED-DIRECT.COM |
| USMED-SUPPLY.COM |
| USMEDVOICE.COM |
| USMED-VOICE.COM |
| REORDERUSMED.COM |

| |
|---|
| USMEDREORDERS.COM |
| REORDERSUSMED.com |
| USMEDREORDER.COM |
| USMEDICALVOICE.COM |
| USMEDICAL-VOICE.COM |
| USMED-NEWS.COM |
| USMEDRxCard.com |
| USMED.COM |
| USMED.CA |
| USMEDDIRECT.COM |
| USMED-DIRECT.NET |
| USMEDNEWS.NET |
| USMEDVOICE.NET |
| USMED-VOICE.NET |
| USMEDcookbook.com |
| USMED-cookbook.com |
| USMEDcookbook.net |
| USMED-cookbook.net |
| USMEDdiabetic.com |
| USMED-diabetic.com |
| USMEDdiabetic.net |
| USMED-diabetic.net |
| USMEDdiabetics.com |
| USMED-diabetics.com |
| USMEDdiabetics.net |
| USMED-diabetics.net |
| USMEDforyou.com |
| USMEDFree.com |
| USMED-Free.com |
| USMEDFree.net |
| USMED-Free.net |
| USMEDGift.com |
| USMED-Gift.com |
| USMEDGift.net |
| USMED-Gift.net |
| USMEDGifts.com |
| USMED-Gifts.com |

| |
|---|
| USMEDGifts.net |
| USMED-Gifts.net |
| usmed-gpt.com |
| usmedconnect.com |
| usmedsave.com |
| usmedrewards.com |
| USMEDENROLL.COM |
| USMEDSIGNUP.COM |
| usmedlogbook.com |
| usmedsavers.com |
| usmedlab.com |
| USMEDtracking.com |
| USMEDHomeTesting.com |
| USMEDLABS.COM |
| usmedinsure.com |

27. Defendant's use of the US MED EXPRESS is also likely to be confused with Plaintiff's domain names.

**COUNT II**

**Unfair Competition under 15 USC §1125(a)**

28. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-16 and states:

29. Plaintiff is the owner and user of USMED and UNITED STATES MEDICAL SUPPLY trademarks and domain names.

30. Plaintiff has been using these marks since at least as early as 1997.

31. In 2015, Defendant obtained a Supplemental registration for US MED EXPRESS.

32. Defendant first began using this trademark in March of 2015.

33. Defendant also registered and uses the domain name USMEDEXPRESS.NET.

34. Plaintiff sent Defendant a Cease and Desist letter yet Defendant continues to use the US MED EXPRESS trademark and the USMEDEXPRESS.NET domain name.

35. Defendant's trademark is nearly identical to Plaintiff's marks.

36. The goods and services used by Defendant under the US MED EXPRESS mark are nearly identical to the goods and services used by Plaintiff under its marks since as early as 1997.

37. Consumers are likely to be confused as to the source or origin of Defendants goods and services and are likely to believe that these goods and services emanate from Plaintiff.

38. The channels of trade of both Plaintiff and Defendant's goods and services are the same and consist of the entire United States.

39. Defendant is unfairly competing with Plaintiff.

## COUNT IV

### Common Law Trademark Infringement

40. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-16 and states:

41. Plaintiff has been using its US MED and UNITED STATES MEDICAL supply marks since as early as 1997 throughout the United States, and has developed significant recognition and goodwill in the marketplace.

42. Defendant began using the US MED EXPRESS mark in 2015.

43. Defendant's marks are confusingly similar to Plaintiffs marks.

44. The goods and services covered by Plaintiff's and Defendant's marks are identical.

45. The channels of trade for both Plaintiff and Defendant are identical.

46. Defendant's use of the US MED EXPRESS marks is likely to cause confusion in the marketplace.

47. Defendant has continued to use the US MED EXPRESS mark after Plaintiff sent it a Cease and Desist letter.

## COUNT V

### Common Law Unfair Competition

48. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-16.

49. Plaintiff is the owner and user of US MED and UNITED STATES MEDICAL SUPPLY trademarks and domain names.

50. Plaintiff has been using these marks since as early as 1997.

51. Plaintiff sells medical supplies by mail order and over the internet.

52. Defendant obtained a Supplemental registration for US MED EXPRESS in 2015 and currently uses the mark.

53. Plaintiff sent Defendant a Cease and Desist letter yet Defendant continues to use the mark.

54. Defendant also sells medical supplies by mail order and over the internet.

55. Defendants use of the US MED EXPRESS mark is likely to cause confusion with Plaintiffs valid and existing marks.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands:

1. That Defendants, its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them who receive notice of this order, and each of them, be enjoined and restrained from:

   a. using USMED or any other colorable imitation of such marks in connection with the sale and advertising of medical products;

   b. otherwise infringing upon Plaintiff's USMED trademarks;

   c. unfairly competing with Plaintiff.

2. That an accounting be held and judgment rendered against Defendant for Plaintiff's attorney's fees, and for:

   a. All profits received from advertising and sale of medical products in connection with the US MED EXPRESS, and variations, trademark.

3. Immediately cancel United States MED EXPRESS Trademark Registration No.: 4792324.

4. Immediately transfer the USMEDEXPRESS.NET domain name to Plaintiffs, and cease to use any other imitation of such domains in connection with the sale and advertising of medical products;

5. Any other relief this Court deems just and proper.

Respectfully submitted on this 8th day of March, 2016.

_/s/ Michael D. Stewart__________
Michael D. Stewart, Esq.
FL Bar No.: 12457

ms@themiamilaw.com
200 S.E. 1st Street, Suite 701
Miami, FL 33131
Telephone: (305) 590-8909
Attorney for Plaintiff